138

FORMOSO ET AL., APPELLANTS, *v.*
PLAIN DEALER PUBLISHING COMPANY, APPELLEE.

[Cite as Formoso *v.* Plain Dealer Publishing Co. (1985),
18 Ohio St. 3d 138.]

(No. 84-1119—Decided July 10, 1985.)

*Sindell, Lowe & Guidubaldi Co., L.P.A., Steven A. Sindell* and *Mark L. Wakefield,* for appellants.

*Baker & Hostetler, Don H. Pace, Kevin G. Robertson* and *Anne L. Meyers,* for appellee.

*Per Curiam.* Today, in *Balyint* v. *Arkansas Best Freight System, Inc.* (1958), 18 Ohio St. 3d 126, we held at page 130:

"[A]n employee of a self-insured employer may maintain a cause of action against the employer for the intentional and wrongful termination of workers' compensation payments."

We also stated in *Balyint, supra,* at 130, that:

"* * * [T]o the extent that appellees' present common-law action overlaps a claim under R.C. 4123.90, appellees are free to select the remedy best calculated to afford the greatest recovery. The expiration of the statute of limitations set forth in R.C. 4123.90 is, therefore, inconsequential." (Footnote omitted.)

Having rejected the same argument advanced by appellee herein as that advanced in *Balyint, supra,* this court hereby reverses the judgment of the court of appeals and remands the cause to the trial court for further proceedings.

*Judgment reversed*
*and cause remanded.*

CELEBREZZE, C.J., SWEENEY, C. BROWN and DOUGLAS, JJ., concur.

C. BROWN and DOUGLAS, JJ., separately concur.

LOCHER, HOLMES and WRIGHT, JJ., separately dissent.

CLIFFORD F. BROWN, J. concurring. I concur in the judgment in this case based upon the reasoning contained in my concurring opinion as expressed in *Balyint* v. *Arkansas Best Freight System, Inc.* (1985), 18 Ohio St. 3d 126, 131-133.

DOUGLAS, J., concurring. I concur in the judgment of the majority but only based on the same reasoning and upon the same condition as expressed in my concurring opinion in *Balyint* v. *Arkansas Best Freight System, Inc.* (1985), 18 Ohio St. 3d 126, 133-134.

LOCHER, J., dissenting. I dissent for the reasons stated in my dissenting opinion in *Balyint* v. *Arkansas Best Freight System, Inc.* (1985), 18 Ohio St. 3d 126, 134-135.

HOLMES, J., dissenting. I dissent herein based on the commentary set forth in my dissenting opinions in *Blankenship* v. *Cincinnati Milacron Chemicals* (1982), 69 Ohio St. 2d 608, 621 [23 O.O.3d 504]; *Jones* v. *VIP Development Co.* (1984), 15 Ohio St. 3d 90, 103; *Bradfield* v. *Stop-N-Go Foods, Inc.* (1985), 17 Ohio St. 3d 58; and *Balyint* v. *Arkansas Best Freight System, Inc.* (1985), 18 Ohio St. 3d 126, 135-136.

WRIGHT, J., dissenting. I dissent based upon the same reasoning as articulated in my dissenting opinion in *Balyint* v. *Arkansas Best Freight System, Inc.* (1985), 18 Ohio St. 3d 126, 136-137.